1   **WO**                                                                          SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10   Damian Dudley,                           )    No. CV 07-1534-PHX-SMM (LOA)
                                              )
11              Plaintiff,                     )    **ORDER**
                                              )
12   vs.                                       )
                                              )
13   MCSO Inmate Legal Services, et al.,       )
                                              )
14              Defendants.                    )
     —————————————————————————————             )

15

16          Plaintiff Damian Dudley, who is confined in the Fourth Avenue Jail in Phoenix,

17   Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the

     filing fee.  (Doc.# 1.)[1]  The Court will dismiss the Complaint with leave to amend.
18
     **I.      Statutory Screening of Prisoner Complaints**
19
            The Court is required to screen complaints brought by prisoners seeking relief against
20
     a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
21
     § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
22
     claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
23
     be granted, or that seek monetary relief from a defendant who is immune from such relief.
24
     28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
25
     allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
26
     before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
27

28
            ————————————
            [1]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

(*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.   Complaint**

Plaintiff alleges a single count in his Complaint for denial of access to the Courts. Plaintiff sues the Maricopa County Sheriff's Office Inmate Legal Services (ILS) and two of its staff, Agents B0894 and 1766.  Plaintiff seeks declaratory, compensatory, and punitive relief.

Plaintiff alleges the following facts: On May 8, 2007, Plaintiff requested the Arizona statutes for aggravated assault, robbery, and kidnaping, but ILS Agent B0894 denied the request telling Plaintiff that he had counsel and needed to request that information from counsel. On May 12, 2007, Plaintiff again requested the same Arizona statutes and explained that he did not have counsel, but his request was again denied.  On May 29, 2007, Plaintiff sent ILS a petition for writ of habeas corpus to be mailed to the Superior Court, but ILS returned the petition because Plaintiff was represented by attorney T. Baker, and the petition had to be submitted by counsel.  Plaintiff alleges that he was not appointed attorney Leo R. Valverde as counsel until June 12, 2007.  Plaintiff further alleges that Defendants injured him by preventing him from requesting to appear before the grand jury.

**IV.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must

1   allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

2   Goode, 423 U.S. 362, 371-72, 377 (1976).

3   **A.    ILS**

4         Plaintiff names ILS as a Defendant; however, it is not a proper defendant.  In Arizona,

5   the responsibility for operating jails and caring for prisoners is placed by law upon the

6   sheriff,  see A.R.S. §§ 11-441(A)(5), 31-101, and on the county, see A.R.S. §§ 11-251(8),

7   11-291(A).  ILS is simply an administrative creation of the sheriff to allow him to carry out

8   his statutory duties and is not a "person" amenable to suit pursuant to § 1983.  Accordingly,

9   ILS will be dismissed from this action as a Defendant.

10  **B.    Agent 1766**

11        Agent 1766 is named as a Defendant, but Plaintiff fails to allege any facts connecting

12  this agent with any alleged constitutional violation.  Accordingly, this Defendant will be

13  dismissed.

14  **C.    Access to the Court**

15        Plaintiff alleges that he was denied access to the courts in connection with his criminal

16  proceedings.  The right of meaningful access to the courts prohibits state officials from

17  actively interfering with an inmate's attempt to prepare or to file legal documents.  Lewis v.

18  Casey, 518 U.S. 343, 350 (1996).  That right, however, only encompasses the right to bring

19  a petition or complaint to federal court and not to discover or even effectively litigate claims

20  once filed with a court.  Id. at 354; see Cornett v. Donovan, 51 F.3d 894, 899 (9th Cir. 1995)

21  ("The right of access is designed to ensure that a habeas petition or civil rights complaint of

22  a person in state custody will reach a court for consideration.")  The right "guarantees no

23  particular methodology but rather, the conferral of a capability--the capability of bringing

24  contemplated challenges to sentences or conditions of confinement before the courts."

25  Lewis, 518 U.S. at 356.  Further, the denial of access to a paralegal or use of a law library

26  is not actionable if there is no claim of prejudice to an existing or future legal action.  Id. at

27  351-53.  That is, an inmate must establish that he suffered an "actual injury" when he alleges

28  that he was denied access to a paralegal or a law library.  See Vandelft v. Moses, 31 F.3d

1   794, 797 (9th Cir. 1994).   An "actual injury" is "actual prejudice with respect to

2   contemplated or existing litigation, such as the inability to meet a filing deadline or present

3   a claim." Lewis, 518 U.S. at 348.  In other words, a plaintiff must allege facts to support that

4   a defendant's conduct prevented him from bringing to court a non-frivolous claim that he

5   wished to present.  Id. at 351-53.

6        A criminal defendant is not constitutionally entitled to access to a law library or other

7   legal assistance in connection with his *criminal* proceedings where he is already represented

8   by counsel in those proceedings.  United States v. Wilson, 690 F.2d 1267, 1271-72 (9th Cir.

9   1982) ("The offer of court-appointed counsel to represent [a defendant] satisfied the Fifth

10  Amendment obligation to provide meaningful access to the courts."); see Bribiesca v. Galaza,

11  215 F.3d 1015, 1020 (9th Cir. 2000) ("an incarcerated criminal defendant who chooses to

12  represent himself has a constitutional right to access to 'law books ... or other tools' to assist

13  him in preparing a defense," quoting Milton v. Morris, 767 F.2d 1443, 1446 (9th Cir. 1985));

14  but see Kane v. Garcia Espitia, 546 U.S. 9, 9 (2005) (*per curiam*) (lack of access to library

15  for self-represented defendant cannot be a basis for habeas relief because no Supreme Court

16  decision holds that such a right exists).

17       Plaintiff contends that he was not represented by counsel at the time he sought copies

18  of state statutes and to mail a habeas petition to the state court.  Minute entries viewable

19  online reflect that Plaintiff was represented by counsel for court proceedings on May 11,

20  2007, and thereafter.[2]  Even if that were not the case, Plaintiff fails to allege how he was

21  actually injured by the Defendants' alleged refusal to provide him copies of Arizona statutes

22  or the to mail his petition for habeas relief to the Superior Court prior to June 12, 2007.  That

23  is, Plaintiff does not set forth facts to support that a defendant's conduct prevented him from

24

25

26

27      [2] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2674336.pdf;
28  http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2679285.pdf;
    http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2692600.pdf.

1    bringing to court a non-frivolous claim that he wished to present.[3]  Accordingly, Plaintiff

2    fails to state a claim.

3    **V.    Leave to Amend**

4           For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

5    a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

6    amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

7    Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

8    to use the court-approved form, the Court may strike the amended complaint and dismiss this

9    action without further notice to Plaintiff.

10          Plaintiff must clearly designate on the face of the document that it is the "First

11   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

12   entirety on the court-approved form and may not incorporate any part of the original

13   Complaint by reference.  Plaintiff may include only one claim per count.

14          A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

15   F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

16   1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

17   nonexistent. <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original

18   complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d

19   565, 567 (9th Cir. 1987).

20   **VI.    Warnings**

21          **A.    Release**

22          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

23   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

24   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

25   in dismissal of this action.

26   ///

27

28

---

[3] Plaintiff alleges no facts to support that his state habeas petition was non-frivolous.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)     The Complaint (doc.# 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 14th day of January, 2008.

Stephen M. McNamee
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)              )
         Plaintiff,    )
               )
       vs.    )    **CASE NO.** _____
               )    (To be supplied by the Clerk)
(1)_____ ,    )
(Full Name of Defendant)              )
(2)_____ ,    )
               )    **CIVIL RIGHTS COMPLAINT**
(3)_____ ,    )    **BY A PRISONER**
               )
(4)_____ ,    )    ☐ Original Complaint
        Defendant(s).    )    ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    )    ☐ Second Amended Complaint

## A. JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
               (Position and Title)                            (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
               (Position and Title)                            (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
               (Position and Title)                            (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
               (Position and Title)                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.


2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.


3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.


5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.    Did you submit a request for administrative relief on Count II?    ☐ Yes   ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                        ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?        ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.