**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley, | No. CV 07-1534-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| MCSO Inmate Legal Services, et al., | |
| Defendants. | |

Plaintiff Damian Dudley, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed with leave to amend. (Doc.# 1, 8.)[1] Plaintiff has filed a First Amended Complaint. (Doc.# 9.) The Court will dismiss this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---
[1] "Doc.#" refers to the docket number of filings in this case.

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     First Amended Complaint

Plaintiff alleges two counts in his First Amended Complaint for denial of access to the courts against Maricopa County Inmate Legal Services (ILS) Officer B0894 based on the following facts, unless otherwise noted:  On May 8, 2007, Plaintiff requested the Arizona statutes for aggravated assault, robbery and kidnaping, but Officer B0894 denied the request on the basis that Plaintiff was then represented by counsel.  On May 12, 2007, Plaintiff again requested the Arizona statutes and asserted that he was not then-represented by counsel. That request was also denied, again on the basis that Plaintiff was represented by counsel. According to state court records available online, on May 23, 2007, Plaintiff was arraigned in person and represented by Maricopa County Assistant Public Defender Todd Baker; Plaintiff entered a not guilty plea.[2]  On May 29, 2007, Plaintiff sent ILS a petition for writ of habeas corpus to be mailed to the Superior Court, but ILS returned the petition on the basis that Plaintiff was represented by T. Baker.  Plaintiff contends that not until attorney Leo R. Valverde filed a notice of appearance on June 12, 2007, was he represented by counsel.  He further contends that Officer B0894 lied when he told Plaintiff he was represented by counsel and denied him access to the courts by refusing to provide him with copies of Arizona statutes.  Plaintiff alleges that as a consequence, he lost the opportunity to timely challenge the grand jury proceedings pursuant to Ariz. R. Crim. P. 12.9.[3]  Plaintiff seeks declaratory, compensatory, and punitive relief.

/     /     /

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/052007/m2692600.pdf.

[3] Rule 12.9 provides in relevant part that "grand jury proceedings may be challenged only by motion for a new finding of probable cause alleging that the defendant was denied a substantial procedural right, or that an insufficient number of qualified grand jurors concurred in the finding of the indictment" no later than 25 days after the certified transcript and minutes of the grand jury proceedings have been filed or 25 days after the arraignment is held, whichever is later.

- 2 -

### III. <u>Heck v. Humphrey</u> Bar

Plaintiff filed this action seeking relief for violations of his constitutional rights based upon an alleged denial of access to the courts with which to seek remand of the grand jury's probable cause determination by officials acting under color of state law pursuant to 42 U.S.C. § 1983. An indigent criminal defendant who has sought and been granted leave to represent himself is entitled to some access to legal resources. See Milton v. Morris, 767 F.2d 1443, 1447 (9th Cir. 1989); accord Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989) ("In Milton, we stated that we did not need to determine whether the Supreme Court's decision in Bounds would place an affirmative duty upon the state to provide access to a law library for a pre-trial detainee who has rejected counsel and chosen to represent himself because Faretta controls in such a case. 767 F.2d at 1446. We then went on to hold that the Sixth Amendment right to self-representation recognized in Faretta includes a right of access to law books, witnesses, and other tools necessary to prepare a defense. Id.") Plaintiff, however, has not alleged that he invoked his right to self-representation in his state criminal proceedings, thus, he fails to establish any basis upon which he was arguably entitled to access to copies of Arizona statutes.

To the extent that Plaintiff asserts that he was denied counsel, or the effective assistance of counsel, in connection with an alleged failure to seek remand of the probable cause determination, Plaintiff's claims have not yet accrued under Heck v. Humphrey, 512 U.S. 477, 489 (1994). A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's *sole* federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination"of the underlying conviction, parole or disciplinary action. See Heck, 512 U.S. at 489; Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued. Id. at 489. The "favorable termination" rule extends to prisoner challenges to state disciplinary and parole procedures for damages where success thereon would "necessarily demonstrate the invalidity of confinement or its duration." Osborne v. District Attorney's Office for 3d Jud. Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74 (2005)); see Edwards v. Balisok, 520 U.S. 641, 646 (1997) (calculation of good time credits); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (parole revocation proceedings). Thus, success on any claim for damages pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed. Only then may a plaintiff properly seek damages pursuant to 42 U.S.C. § 1983.

To the extent that Plaintiff couches his claims as a denial of access to the courts because he was denied counsel or the effective assistance of counsel in his criminal proceedings, success on his claims would necessarily imply the invalidity of his conviction. For that reason, Plaintiff's claims will not accrue unless or until his underlying conviction and sentence are reversed.

For the reasons discussed herein, Plaintiff's First Amended Complaint and this action will be dismissed.

**IT IS ORDERED**:

(1) Plaintiff's First Amended Complaint (doc.# 9) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal

1 | for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

2 | DATED this 8th day of May, 2008.

Stephen M. McNamee
United States District Judge